NATIONWIDE MUTUAL INSURANCE CO., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. ROBERTO SCHMIDT MONGE, JUEZ, demandado; RAMÓN ROJAS ALVAREZ, interventor.

*Número:* O-75-391      *Resuelto:* 28 de octubre de 1975

*Ismael E. Marrero,* abogado de la peticionaria; *Paul Ramos Morales,* abogado del interventor.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Ramón Rojas Alvarez suscribió el 3 de marzo de 1972, una póliza de seguro de automóvil con la Nationwide Mutual Insurance Co., en adelante, la aseguradora, que cubría los riesgos de accidente y/o daños a la propiedad. Dicha póliza vencía el 3 de marzo de 1973 y se pagaría en cuatro plazos que vencían el 3 de marzo, el 13 de mayo, el 12 de agosto y el 11 de noviembre. A estos efectos, como es la práctica de la aseguradora, ella envió al asegurado una carta que contiene el antes mencionado programa de pagos. La misma sirve para que los asegurados, puedan, si lo desean, llevar un claro y sencillo récord de sus pagos periódicos de la póliza.

La aseguradora recibió los primeros tres pagos, pero no el último, por lo que procedió a cancelar la póliza el 1ro. de diciembre de 1972 mediante carta de cancelación de 17 de noviembre de ese año, dirigida al asegurado.

Posteriormente, en 29 de diciembre de 1972, Ramón Rojas Alvarez tuvo un accidente con su automóvil y al reclamar el pago del seguro, la aseguradora denegó el pago de la reclamación amparándose en la anterior cancelación de la póliza.

La ilustrada Sala sentenciadora resolvió que a la fecha del accidente la póliza estaba vigente porque el aviso de cancelación no se envió por correo certificado. Erró el tribunal al así resolver. Lo cierto es que al ocurrir el accidente el plazo de 11 de noviembre de 1972 no se había pagado y que la aseguradora había cancelado la póliza por falta de pago. Ni la ley ni el contrato de seguro requiere que la carta de cancelación se envíe por correo certificado. Dicha carta de cancelación (Exhibit 3 de la peticionaria) contiene un matasellos del

correo, Estación de Hato Rey, el cual indica que fue puesta al correo en 17 de noviembre de 1972.

█ El asegurado insiste, y la aseguradora acepta, que aquél compró en 6 de noviembre de 1972 un giro bancario por $54.71 pero no hubo prueba alguna en el sentido de que el mismo se enviase a la aseguradora o de que dicho giro fuese cobrado por la aseguradora. Lo único que quedó probado es que el asegurado compró dicho giro pero no consta en qué forma lo utilizó. Eso de por sí no establece prueba de que el plazo de noviembre de la póliza fuese pagado. No surge de los autos prueba alguna en ese sentido.

Como puede notarse, los hechos de este caso son muy distintos a los del caso de *Rosario* v. *Atl. Southern Ins. Co. of P.R.*, 95 D.P.R. 759 (1968), por lo cual esta decisión en nada afecta a dicha decisión del caso de *Rosario*.

En vista de lo anterior, *se revocará la sentencia recurrida y la sentencia parcial enmendatoria de la misma.*